**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>HUMAN POWER OF N COMPANY, d/b/a HUMANN, f/k/a NEOGENIS LABS, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:21-CV-00144 |

**HUMAN POWER OF N COMPANY D/B/A HUMANN'S ANSWER,
DEFENSES, COUNTERCLAIMS AND REQUEST FOR INJUNCTIVE RELIEF**

Defendant Human Power of N Company, d/b/a HumanN, f/k/a NeoGenis Labs, Inc. ("Defendant" or "HumanN") answers and asserts defenses to Plaintiff ThermoLife International, LLC's ("Plaintiff" or "ThermoLife") Original Complaint and asserts counterclaims and requests injunctive relief against Plaintiff/Counter-Defendant ThermoLife as follows:

**HUMANN'S ANSWER TO THERMOLIFE'S COMPLAINT**

**NATURE AND BASIS OF THE ACTION**

1. Paragraph 1 purports to describe the existence of Plaintiff's allegations and claims, to which no response is required. To the extent a response is required, HumanN denies the allegations of Paragraph 1.

2. HumanN denies the allegations of Paragraph 2 because they do not accurately describe the Asserted Patents.

3.      HumanN admits that it sells products within the United States.   The remaining allegations in Paragraph 3 purport to state conclusions of law, to which no responses are required. To the extent a response is required, HumanN denies the allegations of Paragraph 3.

4.      Paragraph 4 purports to describe the remedies and damages sought by Plaintiff, to which no response is required.  To the extent a response is required, HumanN denies any liability to Plaintiff and further denies that Plaintiff is entitled to the relief it seeks or to any other relief against HumanN.

## THE PARTIES

5.      HumanN admits that Plaintiff in this action is named as such, but HumanN is without sufficient knowledge or information to form a belief as to truth of the remaining allegations in Paragraph 5, and therefore denies them.

6.      HumanN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.      HumanN is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8.      HumanN admits the allegations of Paragraph 8.

9.      HumanN no longer has a place of business at the stated address, and thus denies the allegations of Paragraph 9.

10.      HumanN admits that Joel J. Kocher is its registered agent, but denies the remaining allegations of Paragraph 10.

11.      HumanN admits that it was previously known as NeoGenis Laboratories, Inc., and currently does business as "HumanN."  HumanN admits that this name change occurred in 2016. The remaining allegations of Paragraph 11 purport to state legal conclusions, to which no response

is required.  To the extent a response is necessary, HumanN denies the remaining allegations in Paragraph 11.

12.     HumanN admits that Thermolife filed suit against HumanN in the District of Arizona on June 17, 2016 for the alleged infringement of the '140 Patent, and that the case was dismissed without prejudice in January 2018 before HumanN filed an answer to the complaint. HumanN also admits that Exhibits 7 and 7A-7J purport to be a copy of the complaint in that case and the exhibits thereto.  HumanN denies the remaining allegations of Paragraph 12.

## JURISDICTION AND VENUE

13.     HumanN admits the allegations of Paragraph 13.

14.     HumanN admits that its principal place of business is in Texas and that it is incorporated in Texas.  HumanN does not challenge the exercise of personal jurisdiction in the state.

15.     The allegations of Paragraph 15 purport to state legal conclusions regarding venue, to which no response is required.  To the extent a response is necessary, HumanN admits that this Court is a proper venue for this matter.

16.     The allegations of Paragraph 16 purport to state legal conclusions, to which no response is required.  To the extent a response is necessary, HumanN admits that it transacts business in Texas and has sold SuperBeets, BeetElite, and Neo40 in Texas, but otherwise denies the allegations in Paragraph 16.

## THE ACCUSED PRODUCTS

17.     The allegations of Paragraph 17 purport to state legal conclusions, to which no response is required.  To the extent a response is necessary, HumanN admits that it sells products, including its SuperBeets, Beet Elite, and Neo40 products, but otherwise denies the allegations contained in Paragraph 17.

18.     HumanN admits that it advertises, offers to sell, and sells the Accused Products in the United States, including in this district.  HumanN denies the remaining allegations of Paragraph 18.

19.     HumanN admits that the product labeling for each Accused Product accurately describes the product.  HumanN denies the remaining allegations of Paragraph 19.

20.     HumanN admits that product labeling for the Neo40 product accurately describes the product.  HumanN denies the remaining allegations of Paragraph 20.

21.     HumanN admits that the Accused Products are sold and offered for sale over the phone, through HumanN's website, and through third-parties Amazon and GNC Corporation. HumanN denies the remaining allegations of Paragraph 21.

22.     HumanN admits that it markets and advertises the Accused Products, including marketing and advertising on the Internet.  HumanN denies the remaining allegations of Paragraph 22.

23.     HumanN denies the allegations in Paragraph 23.

## THE ASSERTED PATENTS

24.     HumanN admits that Exhibit 1 to the Complaint purports to be a copy of U.S. Patent No. 9,180,140 ("the '140 Patent") and that on its face the document includes the title "Performance enhancing composition and use thereof." HumanN denies that the '140 Patent is valid and enforceable.  HumanN is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies them.

25.     HumanN admits that Exhibit 3 to the Complaint purports to be a copy of U.S. Patent No. 10,555,968 ("the '968 Patent") and that on its face the document includes the title "Performance enhancing composition and use thereof."  HumanN denies that the '968 Patent is

valid and enforceable.  HumanN is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 25, and therefore denies them.

26.     HumanN denies that it has infringed any valid and enforceable claim of any Asserted Patent.  HumanN is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore denies them.

27.     HumanN admits that Exhibit 2 to the Complaint purports to be a copy of U.S. Patent No. 8,455,531 ("the '531 Patent) and that on its face the document includes the title "Amino acid compositions."  HumanN denies that the '531 Patent is valid and enforceable.  HumanN is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 27, and therefore denies them.

## COUNTS OF PATENT INFRINGEMENT

28.     Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is necessary, HumanN denies the allegations contained in Paragraph 28.

## COUNT ONE

### (Infringement of the '140 Patent by all Accused Products)

29.     HumanN restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

30.     To the extent this Paragraph purports to characterize the contents of the '140 Patent, HumanN denies that this description of the '140 Patent is complete or accurate.

31.     To the extent this Paragraph purports to reproduce the contents of claim 1 of the '140 Patent, that document speaks for itself and no further response is required.

32.     Paragraph 32 contains legal conclusions to which no response is required.  To the extent a response is necessary, HumanN denies the allegations contained in Paragraph 32.

33.     HumanN denies the allegations in Paragraph 33.

34.     HumanN admits that it sells the Accused Products.  HumanN denies the remaining allegations of Paragraph 34.

35.     To the extent the allegations in Paragraph 35 purport to characterize the contents of a public paper of Dr. Jon Ivy, HumanN responds that the paper speaks for itself and it should be read in its entirety and in context.  HumanN  denies the allegations in Paragraph 35 to the extent inconsistent with that paper.  HumanN otherwise denies the allegations in Paragraph 35.

36.     HumanN denies the allegations in Paragraph 36.

37.     HumanN denies the allegations in Paragraph 37.

38.     HumanN denies the allegations in Paragraph 38.

39.     HumanN denies the allegations in Paragraph 39.

40.     HumanN denies the allegations in Paragraph 40.

41.     HumanN denies the allegations in Paragraph 41.

42.     To the extent the allegations in Paragraph 42 purport to characterize the contents of HumanN's website, the contents of HumanN's website speaks for itself and HumanN denies the allegations in this Paragraph to the extent inconsistent with the referenced portions thereof. HumanN denies the remaining allegations in Paragraph 42.

43.     HumanN denies the allegations in Paragraph 43.

44.     HumanN denies the allegations in Paragraph 44.

45.     HumanN denies the allegations in Paragraph 45.

46.     HumanN denies the allegations in Paragraph 46.

47.     HumanN lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 47, and therefore denies the allegations in Paragraph 47.

48.     HumanN denies the allegations in Paragraph 48.

49.     HumanN denies the allegations in Paragraph 49.

## COUNT TWO

**(Infringement of the '531 Patent by the Neo40 product)**

50.     HumanN restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

51.     To the extent this Paragraph purports to characterize the contents of the '531 Patent, HumanN denies that this description of the '531 Patent is complete or accurate.

52.     To the extent this Paragraph purports to reproduce the contents of claim 62 of the '531 Patent, that document speaks for itself and no further response is required.

53.     HumanN admits that it markets, offers to sell, and sells the Accused Products. HumanN denies the remaining allegations of Paragraph 53.

54.     HumanN denies the allegations in Paragraph 54.

55.     To the extent this Paragraph purports to characterize the contents HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies that the description in Paragraph 55 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 55.

56.     Paragraph 56 contains legal conclusions to which no response is required.  To the extent a response is necessary, HumanN denies the allegations contained in Paragraph 56.

57.     HumanN admits that Paragraph 57 purports to contain a screenshot of an image of the Neo40 label excerpted from HumanN's website.  The image speaks for itself and should be read in its entirety and in context.  HumanN denies the allegations of Paragraph 57 to the extent inconsistent with cited material, and otherwise denies the remaining allegations contained in Paragraph 57.

58.     HumanN denies the allegations in Paragraph 58.

59.     HumanN denies the allegations in Paragraph 59.

60.     HumanN denies the allegations in Paragraph 60.

61.     HumanN lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 61, and therefore denies the allegations in Paragraph 61.

62.     HumanN denies the allegations in Paragraph 62.

63.     HumanN admits that it received a letter from ThermoLife referencing the '531 Patent on December 30, 2016, but otherwise denies the remaining allegations in Paragraph 63.

64.     HumanN denies the allegations in Paragraph 64.

## COUNT THREE

**(Infringement of the '968 Patent by the SuperBeets and BeetElite products)**

65.     HumanN restates and incorporates by reference each and every response contained in the preceding paragraphs of this Answer as if fully set forth herein.

66.     To the extent this Paragraph purports to characterize the contents of the '968 Patent, HumanN denies that this description of the '968 Patent is complete or accurate.

67.     To the extent this Paragraph purports to reproduce the contents of claim 45 of the '968 Patent, that document speaks for itself and no further response is required.

68.     HumanN admits that it markets, offers for sale, and sells the Accused Products. HumanN denies the remaining allegations in Paragraph 68.

69.     HumanN denies the allegations in Paragraph 69.

70.     HumanN denies the allegations of Paragraph 70 at least because the claim term "composition" has not yet been construed, nor has Thermolife disclosed how it contends the term should be interpreted.

71.     HumanN admits that sodium nitrite is a nitrite salt.  To the extent this Paragraph purports to characterize the contents of the '968 Patent, HumanN denies that it is complete or accurate.

72.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies that the allegations of Paragraph 72 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 72.

73.     HumanN admits that the product labeling for the Accused Products accurately describes the products.  HumanN denies the remaining allegations in Paragraph 73.

74.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and denies the allegations of Paragraph 74 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 74.

75.     HumanN restates and incorporates by reference each and every response contained in the preceding paragraphs of this answer as if fully set forth herein.

76.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies the allegations of Paragraph 76 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 76.

77.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies the allegations of Paragraph 77 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 77.

78.     HumanN denies the allegations in Paragraph 78.

79.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies the allegations of Paragraph 79 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 79.

80.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies the allegations of Paragraph 80 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 80.

81.     HumanN denies the allegations in Paragraph 81.

82.     HumanN denies the allegations in Paragraph 82.

83.     HumanN lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in Paragraph 83, and therefore denies the allegations in Paragraph 83.

84.     HumanN denies the allegations in Paragraph 84.

85.     To the extent this Paragraph purports to characterize the contents of HumanN's First Amended Answer and Counterclaims, Dkt. No. 117, filed in Cause No. 2:18-cv-02980-DWL

before the United States District Court for the District of Arizona, that document speaks for itself and HumanN denies the allegations of Paragraph 85 are a complete or accurate description of the document, and otherwise denies the remaining allegations contained in Paragraph 85.

86.    HumanN admits that it received a letter from Plaintiff's counsel on December 27, 2019 and that it continued to sell its SuperBeets and BeetElite products after receiving Plaintiff's letter, but HumanN otherwise denies the remaining allegations in Paragraph 86.

87.    HumanN denies the allegations in Paragraph 87.

## JURY DEMAND

88.    Plaintiff's Jury Demand does not contain allegations of fact, and therefore no responsive pleading is required.  To the extent a response is necessary, HumanN admits that Plaintiff has requested a jury trial.

## RELIEF REQUESTED

89.    Plaintiff's "Relief Requested" paragraph does not contain allegations of fact, and therefore no responsive pleading is required.  To the extent a response is necessary, HumanN denies that Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## HUMANN'S AFFIRMATIVE DEFENSES

HumanN incorporates by reference as if fully set forth herein its responses to ThermoLife's Complaint. HumanN denies any allegations in the Complaint not expressly admitted above. Without assuming any burden other than that imposed by operation of law and without reducing or removing ThermoLife's burdens of proof on its affirmative claims, HumanN alleges and asserts the following defenses in response to ThermoLife's Complaint and its assertion that HumanN infringes the Asserted Patents.  In addition, HumanN reserves the right to amend its Answer to add additional Defenses and Counterclaims that become known as a result of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, *inter alia*, it has not alleged plausible allegations of infringement.

## SECOND AFFIRMATIVE DEFENSE

HumanN has not and does not infringe, under any theory of infringement, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), willfully, or otherwise, any valid and enforceable claim of the Asserted Patents, including the '140 Patent, '531 Patent, and '968 Patent.

## THIRD AFFIRMATIVE DEFENSE

Each claim of the Asserted Patents is invalid for failing to comply with one or more of the requirements of the United States Code, Title 35, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution disclaimer.  Specifically, Thermolife is precluded from construing any valid claim of the patents-in-suit to be infringed, literally or under the doctrine of equivalents, due to

admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the patents-in-suit, (b) in the specification and claims of the patents-in-suit, and/or (c) during the prosecution of patents and applications related to the patents-in-suit.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by doctrines of equity, including, without limitation, laches, estoppel, waiver, ratification, unclean hands and/or inequitable conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part by 35 U.S.C. §§ 286 and 287.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part from recovering damages under 35 U.S.C. § 287 to the extent Thermolife or any licensee of the patents-in-suit failed to mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise provide proper notice of any alleged infringement of the patents-in-suit.  Thermolife's claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286, and Thermolife is barred from recovering costs in connection with this action by 35 U.S.C. § 288.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's demand to enjoin HumanN is barred because Plaintiff has suffered neither harm nor irreparable harm from HumanN's actions and Plaintiff cannot meet the other requirements for injunctive relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for enhanced damages is barred because HumanN has had and continues to have an objectively reasonable basis to believe that the Accused Products do not infringe any valid and enforceable claim of the Asserted Patents.

## HUMANN'S COUNTERCLAIMS AND REQUEST FOR INJUNCTIVE RELIEF

Counter-Plaintiff Human Power of N Company (formerly known as NeoGenis Laboratories, Inc.) ("HumanN") brings the following Counterclaims and Request for Injunctive Relief against Counter-Defendant ThermoLife International, L.L.C. ("ThermoLife") pursuant to Federal Rule of Civil Procedure 13 and alleges as follows:

## NATURE AND BASIS OF HUMANN'S COUNTERCLAIMS

1.      In its Complaint, filed with the Court on February 11, 2021, ThermoLife accuses HumanN's "SuperBeets", "BeetElite", and "Neo40" products (collectively, the "Accused Products") of infringing three patents, U.S. Patent Nos. 9,180,140 ("'140 Patent"), 8,455,531 ("'531 Patent"), and 10,555,968 ("968 Patent") (collectively, the "Asserted Patents") and asks the Court to enjoin HumanN from engaging in any further acts of infringement.

2.      Specifically, with respect to the '968 Patent, ThermoLife asserts that HumanN's SuperBeets and BeetElite products infringe claim 45 of the '968 Patent.  ThermoLife further represents that each of the Accused Products are sold by HumanN online through third-parties, including Amazon.

3.      On April 1, 2021—nearly 50 days after filing this lawsuit, without ever serving HumanN a copy of its Complaint, and after sending a written settlement offer—ThermoLife initiated Amazon's Patent Evaluation Process against HumanN, through which it again accuses HumanN's SuperBeets and BeetElite products of infringing claim 45 of the '968 Patent.[1]

4.      The purpose of Amazon's Patent Evaluation Process is to evaluate the merits of patent infringement claims against products listed on amazon.com.  *See* Exhibit 1.  A patent owner or exclusive licensee initiates Amazon's Patent Evaluation Process unilaterally by submitting a

_____

[1] As of the date of this filing, ThermoLife has not served HumanN a copy of its Complaint.

Patent Neutral Evaluation Agreement ("Agreement") to Amazon that identifies products listed on amazon.com that allegedly infringe a specified claim of the patent holder's asserted patent. *Id.* Once submitted, Amazon sends that Agreement to the accused infringer, who lists the accused products on amazon.com, with an ultimatum to either: (1) submit to the evaluation by executing the Agreement within three weeks and paying $4,000; or (2) have their listings on accused products removed from amazon.com. *Id.* At bottom, if an accused infringer chooses not to participate in evaluation, Amazon will remove its accused products from amazon.com. *Id.*

5.       If the seller executes the Agreement, the Amazon-appointed evaluator then reviews the patent holder's patent infringement claim and makes a yes or no decision about whether the patent covers the product listings. *Id.* There is no discovery, trial, or hearing allowed. *Id.* The only two defenses other than non-infringement based on failure to meet one or more claim limitations are: (i) a court has already found the asserted claim invalid or unenforceable; or (ii) that the accused products were on sale one year or more before the asserted patent's earliest effective filing date. *Id.*

6.       Each year, HumanN sells a large percentage of its inventory on amazon.com. As such, if ThermoLife is allowed to proceed with the Patent Evaluation Process against HumanN and ultimately succeeds, HumanN will lose a significant portion of its goodwill and sales.

7.       By instituting the Patent Evaluation Process against HumanN after filing the instant action, ThermoLife is attempting to obtain from Amazon what it has already chosen to seek from this Court: an injunction against HumanN's sales of the Accused Products.

## **PARTIES**

8.       Human Power of N Company d/b/a HumanN is a Texas corporation, with its principal place of business at 1250 S. Capital of Texas Highway, Building I-360, Austin, Texas 78746.

9.     Upon information and belief, Counter-Defendant ThermoLife is a limited liability company organized and existing under the laws of Arizona.  According to Arizona Secretary of State filings, ThermoLife's registered agent is Ronald L. Kramer, who states that his address is 1334 E. Chandler Blvd., #5-D76, Phoenix, Arizona 85048; however, this location is a Mailboxes & More store.  Thermolife is before the Court for all purposes.

10.    Upon information and belief, ThermoLife has an additional business address located at 1811 Ocean Front Walk, Third Floor, Venice, California 90291.

## JURISDICTION AND VENUE

11.    This Court has federal question jurisdiction because this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

12.    The Court has subject matter jurisdiction over HumanN's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.    This Court has personal jurisdiction over ThermoLife because ThermoLife submitted itself to the jurisdiction of this Court by filing its Complaint in this judicial district.

14.    Venue in this judicial district is proper under 28 U.S.C. § 1391.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '140 Patent

15.    HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

16.    ThermoLife has alleged that it is the exclusive licensee of the '140 Patent.

17.    By asserting the '140 Patent against HumanN, ThermoLife has taken the position that HumanN infringes at least one claim of the '140 Patent.

18.     HumanN has not and does not infringe any valid and enforceable claim of the '140 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.  By way of example and without limitation, HumanN does not infringe at least claim 1 of the '140 Patent because none of the Accused Products satisfy the following claim limitation:  "administration of said inorganic nitrate and/or nitrite will result in reduced oxygen consumption (V02) in and enhanced physical performance of said mammal during the physical exercise as compared with the physical performance of said mammal during the physical exercise in the absence of administration of the 25 inorganic nitrate and/or nitrite."

19.     An actual controversy exists between HumanN and ThermoLife as to HumanN's non-infringement of the '140 Patent as evidenced by ThermoLife's Complaint and HumanN's Answer, Defenses, Counterclaims and Request for Injunctive Relief in this action.

20.     A judicial decision is necessary and appropriate so that HumanN may ascertain its rights with respect to the '140 Patent.

21.     HumanN seeks, and is entitled to, a declaration from this Court that HumanN has not and does not infringe any valid and enforceable claim of the '140 Patent, either directly, or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.

## COUNT II

### Declaratory Judgment of Invalidity of the '140 Patent

22.     HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

23.     By asserting the '140 Patent against HumanN, ThermoLife has taken the position that the '140 Patent is valid and enforceable.

24.     Each claim of the '140 Patent is invalid for failing to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations pertaining thereto.  By way of example and without limitation, the claims are invalid under 35 U.S.C. §§ 102 and/or 103.  Beet root was a known supplement for improving athletic performance, and beet root inherently includes inorganic nitrates.  *See*, *e.g.*, https://web.archive.org/web/20060521193831/http://www.nutraceutical.com/search/view_produc t.cfm?product_index=7661441 (605 mg capsule available at least as early as May 2006); https://www.amazon.com/Solaray-Beet-605mg-100-Capsules/dp/B00014ELDW/ref=cm_cr_arp_ d_product_top?ie=UTF8.  The recommended dosage on the archived Neutraceutical webpage overlaps with the dosage recited in claim 1 of the '140 Patent.  The above Amazon page explicitly suggests taking beet root before exercise: "Beet Root may be a beneficial supplement to take before a workout or other strenuous exercise."  And the Archived Nutraceutical page suggests daily intake, so a person taking for improved athletic performance would inherently be within 1-3 days of exercise.  Finally, the effects during exercise are purported to be an inherent effect of the dosage of beetroot, so the effects are inherent.  Further, the claims of the '140 Patent, including claim 1, are invalid under 35 U.S.C. § 112 for being indefinite because, for example and without limitation, the specification fails to describe with reasonable certainty the scope of the claim with respect to the limitation "administration of said inorganic nitrate and/or nitrite will result in reduced oxygen consumption (V02 ) in and enhanced physical performance of said mammal during the physical exercise as compared with the physical performance of said mammal during the physical exercise in the absence of administration of the 25 inorganic nitrate and/or nitrite."

25.     An actual controversy exists between HumanN and ThermoLife as to the invalidity of the '140 Patent as evidenced by ThermoLife's Complaint and HumanN's Answer, Defenses, Counterclaims and Request for Injunctive Relief in this action.

26.     A judicial decision is necessary and appropriate so that HumanN may ascertain its rights with respect to the '140 Patent.

27.     HumanN seeks, and is entitled to, a declaration from this Court that each claim of the '140 Patent is invalid.

## COUNT III

### Declaratory Judgment of Non-Infringement of the '531 Patent

28.     HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

29.     ThermoLife has alleged that it is the owner of the '531 Patent.

30.     By asserting the '531 Patent against HumanN, ThermoLife has taken the position that HumanN infringes at least one claim of the '531 Patent.

31.     HumanN has not and does not infringe any valid and enforceable claim of the '531 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.  By way of example and without limitation, HumanN does not infringe at least claim 62 of the '531 Patent because none of the Accused Products satisfy the following claim limitations: "at least one isolated amino acid compound selected from the group consisting of Agmatine, Beta Alanine, Citrulline, Creatine, Glutamine, L-Histidine, Isoleucine, Leucine, Norvaline, Ornithine, Valine, Aspartic Acid, Cysteine, Glycine, Lysine, Methionine, Praline, Tyrosine,and Phenylalanine."

32.     An actual controversy exists between HumanN and ThermoLife as to HumanN's non-infringement of the '531 Patent as evidenced by ThermoLife's Complaint and HumanN's Answer, Defenses, Counterclaims and Request for Injunctive Relief in this action.

33.     A judicial decision is necessary and appropriate so that HumanN may ascertain its rights with respect to the '531 Patent.

34.     HumanN seeks, and is entitled to, a declaration from this Court that HumanN has not and does not infringe any valid and enforceable claim of the '531 Patent, either directly, or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.

## COUNT IV

**Declaratory Judgment of Invalidity of the '531 Patent**

35.     HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

36.     By asserting the '531 Patent against HumanN, ThermoLife has taken the position that the '531 Patent is valid and enforceable.

37.     Each claim of the '531 Patent is invalid for failing to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations pertaining thereto.  By way of example and without limitation, beet root was a known supplement for improving athletic performance, and beet root inherently includes inorganic nitrates.  *See*, *e.g.*, https://web.archive.org/web/20060521193831/http://www.nutraceutical.com/search/view_produc t.cfm?product_index=7661441 (605 mg capsule available at least as early as May 2006); https://www.amazon.com/Solaray-Beet-605mg-100-Capsules/dp/B00014ELDW/ref=cm_cr_arp_ d_product_top?ie=UTF8.  Ornithine was also a well-known supplement for improving athletic performance.  *See*, *e.g.*, https://pubmed.ncbi.nlm.nih.gov/2770269/ (increase total strength and

lean body mass relative to placebo); https://web.archive.org/web/20061110082314/http://www.sourcenaturals.com/products/GP1182/ (commercially available November 10, 2006, "a precursor of arginine, which is necessary for the synthesis of creatine, an important energy provider for muscles" and "Use before exercise…"). Ornithine was also commercially available, as a separate compound from nitrate) at least as early as November 10, 2006 (*see* above) and November 15, 2006. *See*, *e.g.*, https://web.archive.org/web/20061115072009/http://www.nutraceutical.com/search/view_produc t.cfm?product_index=3264541 (500 mg capsule).  It would have been obvious for a person of ordinary skill in the art to simply combine these two well-known ingredients as a combined supplement for improving athletic performance.  A solid form was one of a limited number of options (*i.e.*, liquid or solid).  Further, the claims of the '531 Patent, including claim 62, are invalid under 35 U.S.C. § 112 for being indefinite because, for example and without limitation, the specification fails to describe with reasonable certainty the scope of the claim with respect to the limitation "wherein the at least one isolated amino acid compound is a separate compound than the at least one non-ester nitrate compound."

38.     An actual controversy exists between HumanN and ThermoLife as to the invalidity of the '531 Patent as evidenced by ThermoLife's Complaint and HumanN's Answer, Defenses, Counterclaims and Request for Injunctive Relief in this action.

39.     A judicial decision is necessary and appropriate so that HumanN may ascertain its rights with respect to the '531 Patent.

40.     HumanN seeks, and is entitled to, a declaration from this Court that each claim of the '531 Patent is invalid.

## COUNT V

**Declaratory Judgment of Non-Infringement of the '968 Patent**

41.     HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

42.     ThermoLife has alleged that it is the exclusive licensee of the '968 Patent.

43.     By asserting the '968 Patent against HumanN, ThermoLife has taken the position that HumanN infringes at least one claim of the '968 Patent.

44.     HumanN has not and does not infringe any valid and enforceable claim of the '968 Patent, either directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.

45.     An actual controversy exists between HumanN and ThermoLife as to HumanN's non-infringement of the '968 Patent as evidenced by ThermoLife's Complaint and HumanN's Answer, Defenses, Counterclaims and Request for Injunctive Relief in this action.

46.     A judicial decision is necessary and appropriate so that HumanN may ascertain its rights with respect to the '968 Patent.

47.     HumanN seeks, and is entitled to, a declaration from this Court that HumanN has not and does not infringe any valid and enforceable claim of the '968 Patent, either directly, or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents, or in any manner whatsoever.

## COUNT VI

### Declaratory Judgment of Invalidity of the '968 Patent

48.     HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

49.     By asserting the '968 Patent against HumanN, ThermoLife has taken the position that the '140 Patent is valid and enforceable.

50.     Each claim of the '968 Patent is invalid for failing to comply with the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules and regulations pertaining thereto.  By way of example and without limitation, the use of beet root and/or  beet root juice as a supplement for improving athletic performance was known before the critical date of the '968 Patent.  Beet root and beet root juice are botanicals that inherently include nitrate.  The use of sodium nitrite (a nitrite salt) as a preservative for food products was also known before the critical date of the '968 Patent.  The creation of a supplement containing beet root and/or beet root juice and using sodium nitrite as a preservative at the ratios recited in claim 45 of the '968 patent would have been obvious to a person of skill in the art at the time.

51.     An actual controversy exists between HumanN and ThermoLife as to the invalidity of the '968 Patent as evidenced by ThermoLife's Complaint and HumanN's Answer, Defenses, Counterclaims and Request for Injunctive Relief in this action.

52.     A judicial decision is necessary and appropriate so that HumanN may ascertain its rights with respect to the '968 Patent.

53.     HumanN seeks, and is entitled to, a declaration from this Court that each claim of the '968 Patent is invalid.

## COUNT VII

### Request for Preliminary and Permanent Injunction

54.     HumanN incorporates by reference the preceding paragraphs as though fully set forth herein.

55.     ThermoLife filed this patent infringement action against HumanN on February 11, 2021 in the United States District Court for the Western District of Texas.

56.     In so doing, ThermoLife assented to this Court's jurisdiction over its patent infringement claims against the Accused Products, including its claims that HumanN's SuperBeets and BeetElite products infringe claim 45 of the '968 Patent.

57.     In its Complaint, ThermoLife also requests that the Court grant an injunction against HumanN to prohibit further alleged infringement of the Asserted Patents.

58.     After filing its Complaint in this action, however, ThermoLife filed a claim with Amazon through which it again accuses HumanN's SuperBeets and BeetElite products of infringing claim 45 of the '968 Patent and seeks institution of Amazon's Patent Process against HumanN.

59.     Immediate and irreparable harm will result from ThermoLife's invocation and use of Amazon's Patent Evaluation Process against HumanN.  If HumanN either (i) refuses to participate in the Patent Neutral Evaluation or (ii) agrees to participate in the Patent Evaluation Process and is found to infringe the '968 Patent by the evaluator, then HumanN will no longer be able to sell its SuperBeets or BeetElite products on Amazon's website.  HumanN only has 21 days from the date of ThermoLife's submission to Amazon, April 1, 2021, to inform Amazon of its intent to participate in the Patent Neutral Evaluation.

60.     If HumanN is prohibited from selling its SuperBeets and BeetElite products on www.amazon.com, HumanN will suffer monetary loss, reputational damage, and loss of goodwill.

Because HumanN has no adequate remedy at law, it seeks preliminary and permanent injunctive relief.

61.     ThermoLife's conduct supports granting preliminary and permanent injunctive relief to prevent it from further pursuing, requesting, or initiating evaluation through Amazon's Patent Evaluation process of ThermoLife's claims that HumanN's SuperBeets, BeetElite, and Neo40 products infringe any patent for which ThermoLife is the assignee and/or exclusive licensee, including but not limited to, U.S. Patent Nos. 10,555,968, 9,180,140, and 8,455,531.

62.     Accordingly, HumanN seeks an order enjoining ThermoLife, and all others in active concert or participation with them, from further pursuing requesting, or initiating evaluation through Amazon's Patent Evaluation process of ThermoLife's claims that HumanN's SuperBeets, BeetElite, and Neo40 products infringe any patent for which ThermoLife is the assignee and/or exclusive licensee, including but not limited to, U.S. Patent Nos. 10,555,968, 9,180,140, and 8,455,531.

## RELIEF REQUESTED

WHEREFORE, HumanN, reserving its right to amend its pleadings and to add additional defenses, affirmative defenses, and counterclaims, respectfully requests that this Court enter judgment in its favor as follows and award HumanN the following relief:

(a)     adjudge and declare that HumanN has not infringed and is not infringing any valid and enforceable claim of the '140 Patent, '531 Patent, or '968 Patent;

(b)     adjudge and declare that the claims of the '140 Patent, '531 Patent, or '968 Patents are invalid;

(c)     enter an order enjoining ThermoLife, and all others in active concert or participation with it, from further pursuing, requesting, or initiating evaluation through Amazon's Patent Evaluation process of ThermoLife's claims that

HumanN's SuperBeets, BeetElite, and Neo40 products infringe any patent for which ThermoLife is the assignee and/or exclusive licensee, including but not limited to, U.S. Patent Nos. 10,555,9689,180,140, and 8,455,531;

(d)     enter judgment in favor of HumanN and against ThermoLife on each of HumanN's counterclaims;

(e)     deny ThermoLife's request for damages, attorneys' fees, costs, and expenses;

(f)     deny ThermoLife's request for injunctive relief;

(g)     dismiss, with prejudice, ThermoLife's Complaint against HumanN; and

(h)     award all other and further relief as the Court may deem just and proper.

Date:   April 7, 2021

Respectfully submitted,


*/s/ Brett C. Govett*
Brett C. Govett

NORTON ROSE FULBRIGHT US LLP
Brett C. Govett (Texas Bar No. 08235900)
Jacqueline G. Baker (Texas Bar No. 24109609)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
brett.govett@nortonrosefulbright.com
jackie.baker@nortonrosefulbright.com

Stephanie DeBrow (Texas Bar No. 24074119)
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone:  (512) 536-3094
Facsimile:  (512) 536-4598
stephanie.debrow@nortonrosefulbright.com

Saul Perloff (Texas Bar No. 00795128)
111 W Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
saul.perloff@nortonrosefulbright.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Brett C. Govett*
Brett C. Govett
