# Exhibit 2

**Amazon Utility Patent Neutral Evaluation Procedure**

To efficiently resolve claims that third-party product listings infringe utility patents, Amazon offers a simple, low-cost procedure called Neutral Patent Evaluation. Neutral Patent Evaluation is voluntary, confidential, and allows owners of U.S. utility patents or their authorized representatives, such as attorneys or exclusive licensees ("Patent Owner") to obtain a fast evaluation of patent infringement claims against products ("Accused Products"), identified by Amazon Standard Evaluation Number, listed by third-party sellers ("Sellers") on amazon.com ("Evaluation"). In Neutral Patent Evaluation, a neutral evaluator reviews a patent infringement claim against third-party product listings on amazon.com. The evaluator will make a yes/no decision about whether the patent covers the product listings. The evaluator may decide that the patent does not cover the product listings because: they do not infringe (i.e., include all elements of the asserted claim); a court has found the patent invalid or unenforceable; or the accused products (or physically identical products) were on sale more than one year before the earliest effective filing date of the patent. Amazon will comply with the evaluator's decision pending any litigation or settlement between the patent owner and Sellers, or other legal proceedings that may impact the patent.  If there is litigation pending on a patent subject to a proposed or pending Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the completion of that litigation.

If an evaluator concludes that an Accused Product is covered by a patent, Amazon will remove that Accused Product from www.amazon.com. The cost of the Evaluation is $4,000 and covers the Evaluator's expenses; Amazon will not retain any portion of the cost. The cost will be paid by the participant(s) losing the Evaluation in the event an Evaluation actually occurs.

**1. Starting an Evaluation.** To request an Evaluation, a Patent Owner submits an Amazon Utility Patent Neutral Evaluation Agreement ("Agreement") to Amazon, with all information requested in its Exhibit 1. Amazon then sends that Agreement to each Seller listing Accused Products and gives each the option of: (i) executing and returning the Agreement within three weeks, with all information requested in its Exhibit 2; or (ii) having their listings on Accused Products removed from www.amazon.com. If a Seller does not participate in the Evaluation or does not comply with the Agreement, Amazon intends to remove its listings of Accused Products. After receiving a completed Agreement from one or more Sellers, Amazon will use the information in Exhibits 1 and 2 of the Agreement to select a neutral individual from a list of attorneys experienced in U.S. patent disputes ("Evaluator").  It is critical that each of Exhibits 1 and 2 be filled out completely, including with the full corporate names of each Participant, as well as all of their related companies, so that Amazon can select a neutral evaluator.

**2. Payment and Schedule.**  Once an Evaluator is selected, Amazon will contact the Patent Owner and each Seller with instructions to wire $4,000 to the Evaluator. When wiring the $4,000, a party should identify in the wire transmittal the evaluation number and the name of the Participant in the evaluation for which the payment is being made. Each Participant should also email the Evaluator with the confirmation number for the wire once it has been sent. If the Patent Owner does not submit $4,000 to the Evaluator within two weeks, no Evaluation will occur and any money submitted by Sellers will be returned. If a Seller does not submit $4,000 within two weeks, the Evaluator will notify Amazon, who will then remove that Seller's listings of Accused Products. If no Seller submits $4,000, Amazon will remove all Sellers' listings of the Accused Products and the Evaluator will return the Patent Owner's payment.

**3. Submission of Written Arguments**. After the Patent Owner and a Seller have timely submitted $4,000, the Evaluator will set a schedule for submission of written arguments ("Schedule"). In general, the Schedule will provide: (i) the Patent Owner with 21 days for its initial arguments; (ii) Sellers with 14 days to respond; and (iii) the Patent Owner with 7 days to reply. Modifications to the schedule can be requested for good cause only. The

1

Patent Owner may use a total of 20 double-spaced 8.5 x 11" pages between its two submissions.  Each Seller may use 15 double-spaced pages in its response. Claim charts and exhibits are not counted against page limits. Each submission must be in English and emailed to the Evaluator and to the opposing Participants in the same email; physical exhibits cannot be submitted.  Failure to timely make a submission by a Participant will generally result in a finding by the Evaluator against that Participant and forfeiture of its payment, except that the Patent Owner may waive reply.

**4.  Evaluation is a Limited Procedure.**  To make the Evaluation fast, efficient, and relatively low-cost, it is limited to one claim from one unexpired U.S. utility patent. Design, non-U.S., and expired patents are not eligible. The Patent Owner may include up to 20 ASINs in an Evaluation.  If a Patent Owner lists more than 20 ASINs in Exhibit 1 to the Agreement, Amazon may in its sole discretion reduce the Patent Owner's list to 20 ASINs.

Amazon or the Evaluator may exclude ASINs of Accused Products not physically identical for purposes of the Evaluation. When excluding ASINs, the Evaluator will notify Amazon as well as the Patent Owner and implicated Sellers of the excluded ASINs, while also giving the Patent Owner and the implicated Sellers a time deadline and parameters for submitting their respective arguments for and against inclusion of the excluded ASINs. Each of the Patent Owner and Sellers have the option, in their sole discretion, whether or not to submit their respective arguments. The Evaluator will consider submitted arguments, if any, in deciding finally on excluding the ASINs. The Evaluator will communicate to the Participants whether any ASINs have been excluded and if so, which ones.

If Evaluator's exclusion of ASINs results in any of the Sellers having no remaining products in the Evaluation, the Evaluator will return those Sellers' $4000 payments, those Sellers will no longer be Participants in the Evaluation, and the Evaluator will not consider those Sellers' respective responsive arguments, if any.

The Evaluation will address only Accused Products sold solely by third-party sellers on www.amazon.com. The Evaluator will consider whether a Product likely infringes.  The process is intended to evaluate the Accused Products in the listings on the date ("Complaint Date") that the Patent Owner first alleged to Amazon that the listing contains infringing products. Any manipulation of the Accused Products, or any manipulation of the listings on amazon.com for Accused Products, after the Complaint Date by a participating Seller will be grounds for the Evaluator to find for the Patent Owner and/or for Amazon to remove the listing of that Seller.  Any Seller making such a change may lose all (or part, if there is more than one losing Seller) of its $4,000 in accordance with Section 6, below.

Amazon reserves the right to terminate an Evaluation at any time, if Amazon determines that a participant has acted improperly in connection with that Evaluation.  Such conduct may include: failure to follow this Procedure; failure to abide by the terms of the Agreement; incorrectly filling out an Agreement; providing false information to Amazon or the Evaluator; or any other action that Amazon determines is fraudulent or a misuse of the Evaluation procedure.  In addition to terminating an Evaluation for such conduct, Amazon may take down ASINs, prohibit future sales of products, prohibit future filings of Evaluations, and encourage an Evaluator to enter a decision against that participant.

If more than four Sellers opt in and make the required $4,000 deposit in a single Evaluation case, the Evaluator will give the Patent Owner the option of:  (i) limiting the Evaluation so that it applies to no more than four Sellers; or (ii) making one or more additional payments to the Evaluator so that multiple concurrent Evaluations can take place, each with no more than four Sellers. If the Patent Owner decides to limit the Evaluation to four Sellers and not to proceed in concurrent evaluations against the remaining sellers that opted in and made timely deposits, the Evaluator will return the $4,000 payments to those Sellers who have not been chosen by the Patent

2

Owner to continue in the Evaluation. The Evaluation will then proceed with four sellers. At the completion of the Evaluation, the Patent Owner may institute one or more additional Evaluations against the other Sellers that opted in, which Amazon intends to have proceed with the same Evaluator as the first Evaluation to minimize the chances of inconsistent results. If the Patent Owner decides to conduct Evaluations against more than four Sellers, the Patent Owner must pay to the Evaluator $4,000 for each additional Evaluation that will be conducted. Once those payments have been made, the Evaluations will be conducted generally in parallel, with the Evaluator setting a schedule for each and limiting communications for each Evaluation to the Patent Owner and the Sellers involved in that Evaluation. If the Patent Owner does not make an election within one week of notice from the Evaluator that more than four sellers have opted in of whether to proceed against only four Sellers or to conduct multiple Evaluations, no Evaluation will proceed and the Evaluator will return the payments of all parties.

Only two defenses other than non-infringement based on failure to meet one or more claim limitations will be considered by the Evaluator. First, Sellers can defend on the basis of invalidity and/or unenforceability of the asserted patent claim by providing a finding by a court of competent jurisdiction, or by the U.S. Patent Office or U.S. International Trade Commission ("ITC"), that the asserted patent claim is invalid or unenforceable. Arguments regarding, for example, invalidating prior art will not be accepted; the only way Sellers can show invalidity/unenforceability is by presenting a court, Patent Office, or ITC order finding an asserted patent claim invalid or unenforceable. Second, Sellers may show that the Accused Products (or physically identical products) were on sale one year or more before the asserted patent's earliest effective filing date, only by using credible evidence that the Evaluator can independently observe (such as a date of sale on amazon.com, or on the Wayback Machine). The Evaluator will not accept affidavits, declarations, or mere arguments about the date of a sale; the Seller must come forward with independently verifiable objective evidence that the Evaluator can confirm.

No discovery (*e.g.*, depositions, document requests, etc.) will occur in the Evaluation**,** nor will there be a trial or hearing. The Patent Owner and Sellers may not contact the Evaluator, unless by email in response to an inquiry from the Evaluator, while copying the other parties. The Evaluator may consider any information submitted, giving any weight to that information the Evaluator believes appropriate.

**5. Decision.** Within 14 days of the reply date, the Evaluator will announce a decision, choosing between: (i) the Patent Owner is likely to prove that the Accused Product infringes the asserted claim; or (ii) the Patent Owner is not likely to prove that the Accused Product infringes the asserted claim. The Evaluator will not provide reasoning if the Evaluator decides that the Patent Owner is likely to prove that the Accused Product infringes the asserted claim. If the Evaluator decides that Patent Owner is not likely to prove that the Accused Product infringes, the Evaluator shall provide a brief explanation of why the Patent Owner is unlikely to prove infringement. The Participants will not contact or question the Evaluator regarding his or her decision. There is no process for reconsideration of the Evaluator's decision, though either side may appeal to Amazon by providing a court order that conflicts with the Evaluator's decision concerning invalidity or infringement.

**6. Disposition of Payments Following Evaluation.** If the Evaluator decides the Patent Owner is likely to prove that all Accused Products infringe, the Evaluator will return the Patent Owner's $4,000 and retain a total of $4,000 divided evenly among the participating Sellers. If more than one Seller has participated and is found to infringe, the Evaluator will give any amount of money deposited from losing Sellers in excess of $4,000 to an Amazon Smile charity chosen by the Patent Owner. If the Evaluator decides the Patent Owner is not likely to prove that any Accused Product infringes, the Evaluator will return participating Sellers' payments and retain the Patent Owner's $4,000. If the Evaluator decides the Patent Owner is likely to prove that some Accused Products infringe and not likely to prove that other Accused Products infringe, the Evaluator will: (i) retain $2,000

from the Patent Owner's payment and return the remainder; (ii) return in full payments of participating Sellers whose Accused Products were found not to infringe; and (iii) retain $2,000, divided evenly among participating Sellers of Accused Products found to infringe. Any excess funds from Sellers of Accused Products found to infringe shall be given to an Amazon Smile charity chosen by the Patent Owner. In no case may the Evaluator retain more than $4,000 after making a merits decision in an Evaluation.

**7. Settlement or Patent Owner Retraction.** If the Patent Owner and a Seller notify the Evaluator they have settled their dispute prior to the date of Patent Owner's reply, the Evaluator will terminate the Evaluation as to that Seller, or terminate the Evaluation entirely if there is only one participating Seller. The Evaluator may retain up to $1,000 to cover the Evaluator's efforts, equally divided from the Participants' payments when settlement results in termination of the entire Evaluation. If the settlement occurs after the Patent Owner's reply but before the Evaluation is completed, the Evaluator may retain up to $2,000, $1,000 from the Patent Owner and a total of $1,000 from the participating Sellers, if the Evaluation is terminated in its entirety. The Evaluator will return the remainder of each Participant's payment to that Participant. If the Patent Owner retracts or withdraws its claims of infringement against one or more Participants such that the retraction or withdrawal of claims by the Patent Owner results in no further claims of infringement to evaluate, the Evaluator will terminate the Evaluation. If the Patent Owner retracts or withdraws its claims of infringement such that the Evaluation is terminated pursuant to the preceding sentence before briefing begins, the Evaluator may retain $500 from the Patent Owner; the Evaluator must return the remainder of the Patent Owner's deposit and all Seller deposits. If the Patent Owner retracts or withdraws its claims of infringement such that no claims remain to be evaluated during briefing, the Evaluator may retain $1,000 from the Patent Owner; the Evaluator must return the remainder of the Patent Owner's deposit and all Seller deposits. If the Patent Owner retracts or withdraws its claims of infringement such that no claims remain to be evaluated after briefing has completed but before the Evaluator has announced a decision, the Evaluator may retain $2,000 from the Patent Owner; the Evaluator must return the remainder of the Patent Owner's deposit and all Seller deposits.

**8. Effect of Evaluation.** If the Evaluator finds the Patent Owner is likely to prove that an Accused Product infringes, Amazon will remove that Accused Product from www.amazon.com as soon as prac- ticable, but generally within 10 business days of Amazon's receipt of the decision. If the Evaluator finds that the Patent Owner is not likely to prove that an Accused Product infringes, Amazon will have no obligation to take any action as a result of the Evaluation. No other action is contemplated or required as a result of the Evaluation and no damages, attorney's fees or costs may be awarded.

If any Participant obtains a judgment or order in litigation or an arbitration that an Accused Product does not infringe or that the Patent is invalid or unenforceable, that Participant may submit it to Amazon, and Amazon may allow relisting of the Accused Product, in accordance with Amazon's policies and procedures. When a patent expires or is found invalid or unenforceable, Amazon may restore a removed listing. If the Evaluator finds that the Patent Owner is not likely to prove an Accused Product infringes, and the Patent Owner subsequently obtains an order or judgment finding that the Accused Product infringes, the Patent Owner may submit that judgment or order to Amazon, and Amazon will remove the Accused Product, in accordance with Amazon's policies and procedures. Amazon reserves the right to use and disclose the results of an Evaluation in connection with actual or proposed Evaluations, requests for takedown of ASINs, in response to statements of others about an Evaluation, or otherwise in connection with Amazon's business.