# Exhibit A

NORTON ROSE FULBRIGHT

# ThermoLife International, LLC
# v.
# Human To The Power Of N, Company d/b/a HumanN

**Hearing on HumanN's Request for Anti-Interference Injunction**
April 30, 2021

Norton Rose Fulbright US LLP

# Overview

- The Parties

- The Lawsuit & ThermoLife's Initiation of Amazon's Patent Evaluation

- Overview of Amazon's Patent Evaluation Process

- HumanN's Request for Anti-Suit Injunction

- The *Unterweser* Factors



# Who Is HumanN?





3



# Who is ThermoLife?

- Has filed over 140 patent infringement actions against manufacturers and sellers of dietary supplements since 2011

- Has been recognized as a very litigious plaintiff

    - *ThermoLife Int'l, LLC v. Vital Pharms., Inc.*, No. 14-cv-2449, 2014 WL 12235190, at *2 n.2 (C.D. Cal. Aug. 15, 2014) (referencing article titled "ThermoLife named third biggest Patent Troll of 2013").

- Currently, HumanN is ThermoLife's target *de jure*:

    - This is the third federal lawsuit filed by ThermoLife against HumanN

4



# Timeline



**February 11**

ThermoLife Sues HumanN in This Court

**April 1**

ThermoLife Initiates Amazon Process

**April 7**

HumanN Applies for TRO

5



# ThermoLife's Lawsuit

| Patent | Claim | SuperBeets | BeetElite | Neo40 |
|--------|-------|:----------:|:---------:|:-----:|
| No. 9,180,140 | Claim 1 | ✔ | ✔ | ✔ |
| No. 8,455,531 | Claim 62 | | | ✔ |
| No. 10,555,968 | Claim 45 | ✔ | ✔ | |



# ThermoLife's Patent Evaluation Request

| Patent | Claim | SuperBeets | BeetElite | Neo40 |
|---|---|:---:|:---:|:---:|
| No. 9,180,140 | Claim 1 | ✔ | ✔ | ✔ |
| No. 8,455,531 | Claim 62 | | | ✔ |
| No. 10,555,968 | Claim 45 | ✔ | ✔ | |

7



# ThermoLife's Patent Evaluation Request





**45**. A composition comprising:
a nitrite salt; and
a botanical source of nitrate, wherein the nitrate from the botanical nitrate source is in a molar ratio of about 5:1 to 100:1 to the nitrite salt, wherein one dose of the composition provides said nitrite salt in an amount of about 0.001-10 mmol/kg bodyweight.

**Same Products**          **Same '968 Patent**          **Same Claim 45**

8



**Exhibit 1: Patent Owner Supplied Information**

Patent Owner name: ThermoLife International, LLC (exclusive licensee of the Asserted Patent, with all necessary rights of enforcement)

Patent Owner physical address: 1334 E. Chandler Blvd., #5-D76, Phoenix, AZ 85048

Names of any corporate parents, subsidiaries, or other entities related to Patent Owner:

HeartBeet Ltd., Original Assignee of Asserted Patent

Name of individual contact for Patent Owner or Patent Owner's authorized representative:

Zachary C. Garthe

Is Patent Owner registered in Amazon's Brand Registry?  If yes, please identify the brand(s) registered in Brand Registry:

No

Email Address for contact (this email address will be used by the Evaluator and Amazon for communications related to the Evaluation): zac@Cambridgelawcolorado.com

United States utility patent number ("Asserted Patent") for Evaluation: 10,555,968

Patent Claim number for Evaluation: 45

Amazon Standard Identification Numbers (ASINs) of Accused Products:

| | | | | |
|---|---|---|---|---|
| B00XV6LCHA | B08572Z588 | | | |
| B084RRZH3T | B0722G9T5T | | | |
| B01ENMEXO4 | B085FXR5GK | | | |
| B06XH2N5JD | B0859KVSMZ | | | |

*All products sold by humanN, except for B01ENMEXO4, which is sold by GNC and by humanN.

s/ Zachary C. Garthe
Signature

Zachary C. Garthe
Name

Counsel for ThermoLife International, LLC
Title

April 1, 2021
Date

2

v122820



Amazon Standard Identification Numbers (ASINs) of Accused Products:

| | | | | |
|---|---|---|---|---|
| B00XV6LCHA | B08572Z588 | | | |
| B084RRZH3T | B0722G9T5T | | | |
| B01ENMEXO4 | B085FXR5GK | | | |
| B06XH2N5JD | B0859KVSMZ | | | |

*All products sold by humanN, except for B01ENMEXO4, which is sold by GNC and by humanN.

| Amazon ASIN | Product Description |
|---|---|
| B00XV6LCHA | SB Powder Original (30 srv) |
| B084RRZH3T | Bundle: HeartGreens (30 srv) + SB Original Powder (30 srv) |
| B01ENMEXO4 | SB Powder Black Cherry (30 srv) |
| B06XH2N5JD | SB Powder Black Cherry (10 cnt) |
| B08572Z588 | Bundle: HeartGreens (30 srv) + SB Black Cherry Powder (30 srv) |
| B0722G9T5T | Bundle: HeartGreens (30 srv) + SB Black Cherry Powder (30 srv) |
| B085FXR5GK | Bundle: SB Immune (30 srv) + SB Black Cherry Powder (30 srv) |
| B059KVSMZ | Bundle: SB Black Cherry Powder (30 srv) + Packets (10 cnt) |



# Amazon's Patent Evaluation Process

**Amazon Utility Patent Neutral Evaluation Procedure**

To efficiently resolve claims that third-party product listings infringe utility patents, Amazon offers a simple, low-cost procedure called Neutral Patent Evaluation. Neutral Patent Evaluation is voluntary, confidential, and allows owners of U.S. utility patents or their authorized representatives, such as attorneys or exclusive licensees ("Patent Owner") to obtain a fast evaluation of patent infringement claims against products ("Accused Products"), identified by Amazon Standard Evaluation Number, listed by third-party sellers ("Sellers") on amazon.com ("Evaluation"). In Neutral Patent Evaluation, a neutral evaluator reviews a patent infringement claim against third-party product listings on amazon.com. The evaluator will make a yes/no decision about whether the patent covers the product listings. The evaluator may decide that the patent does not cover the product listings because: they do not infringe (i.e., include all elements of the asserted claim); a court has found the patent invalid or unenforceable; or the accused products (or physically identical products) were on sale more than one year before the earliest effective filing date of the patent. Amazon will comply with the evaluator's decision pending any litigation or settlement between the patent owner and Sellers, or other legal proceedings that may impact the patent.  If there is litigation pending on a patent subject to a proposed or pending Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the completion of that litigation.



# Amazon's Patent Evaluation Process

- For patent owners
  - Initiated by owners
  - Power to terminate retained by owners

- Overseen by third-party evaluator
  - Sets briefing schedule
  - Renders decision on patent infringement
  - Evaluator is paid by losing party

- No discovery, hearing, or trial and limited defenses only

- No process for reconsideration



# Amazon's Patent Evaluation Process

- If HumanN does not to participate:

  listings on Accused Products removed from www.amazon.com. If a Seller does not participate in the Evaluation or does not comply with the Agreement, Amazon intends to remove its listings of Accused Products. After re-

- If HumanN participates and is found to infringe:

  **8. Effect of Evaluation.** If the Evaluator finds the Patent Owner is likely to prove that an Accused Product infringes, Amazon will remove that Accused Product from www.amazon.com as soon as prac- ticable, but generally within 10 business days of Amazon's receipt of the decision. If the Evaluator finds that the Patent Owner is not likely to prove that an Accused Product infringes, Amazon will have no obligation to take any action as a result of the Evaluation. No other action is contemplated or required as a result of the Evaluation and no damages, attorney's fees or costs may be awarded.

13



# Patent Evaluation Process  =  *Ad Hoc* Arbitration

- "***District of Amazon Federal Court*** – a faster and less expensive venue that's a viable alternative to federal court . . . "[1]

- "[A] ***streamlined arbitration mechanism*** for deciding patent infringement complaints lodged against a third-party Amazon seller . . . "[2]

---------------------------------

1. Ryan Vachon, *May 2019 IP Update:  Amazon Enters the Fray of Intellectual Property Disputes*, JDSupra.com (June 5, 2019), https://www.jdsupra.com/legalnews/what-patent-owners-and-product-sellers-27093/ (emphasis added).
2. Gaston Kroub, Arbitration in the Age of Amazon, ABA (Sept. 22, 2019), https://www.americanbar.org/groups/intellectual_property_law/publications/landslide/2019-20/September-October/arbitration-in-the-age-amazon/ (emphasis added).



# Anti-Interference Injunction

- Issued to protect a court's jurisdiction
  - *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 626 (5th Cir. 1996).
- May take the form of an "antisuit" or "anti-interference" injunction
  - *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003).
- Enjoins a litigant's participation in another forum
  - *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 935-36 (D.C. Cir. 1984).
- Applies to judicial and non-judicial proceedings
  - *Anderson v. Beland*, 672 F.3d 113, 141 (2d Cir. 2011).

15



# Anti-interference injunctions depend on considerations unique to that context

"Although both the district court and the parties discussed all four prerequisites to the issuance of a traditional preliminary injunction, the suitability of such relief ultimately depends on considerations unique to antisuit injunctions."

> – *Karaha Bodas Co. v. Negara*, 335 F.3d 357, 364 (5th Cir. 2003).

"The Fifth Circuit has adopted a test—often referred to as the *Unterweser* factors—that weigh 'the need to prevent vexatious or oppressive litigation and to protect the court's jurisdiction against the need to defer to principles of international comity.'"

> – *Ericsson Inc. v. Samsung Elecs. Co.*, No. 2:20-CV-00380-JRG, 2021 WL 89980, at *3 (E.D. Tex. Jan. 11, 2021) (quoting *MWK Recruiting Inc. v. Jowers*, No. 19-51064, 2020 WL 6572570, at *2 (5th Cir. Nov. 6, 2020)).

16



# *Unterweser* Framework

An injunction is appropriate when parallel proceedings would:

1. frustrate a policy of the forum issuing the injunction;
2. be vexatious or oppressive;
3. threaten the issuing court's in rem or quasi in rem jurisdiction; or
4. prejudice other equitable considerations.

– *In re Unterweser Reederei GMBH*, 428 F.2d 888, 890 (5th Cir. 1970), aff'd on reh'g, 446 F.2d 907 (5th Cir. 1971) (en banc) (per curiam), rev'd on other grounds sub nom.

Proof of **_one factor_** is sufficient for a court to issue an anti-interference injunction.

– *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006).



# Factors 1 and 3:  ThermoLife's conduct interferes with the Court's jurisdiction and frustrates its policies

- Congress empowered federal courts to adjudicate and, if warranted, to enjoin infringement of U.S. patents.

- The Amazon process threatens to:

  – Invade the province of the Court and jury to determine infringement and damages;

  – Further complicate this lawsuit;

  – Frustrate the policies put in place by the Court to ensure fair and speedy resolution of claims; and

  – Allow ThermoLife—an NPE—to obtain a preliminary injunction without satisfying strict requirements imposed by federal courts.



# Factor 2:  ThermoLife's conduct is vexatious and oppressive

- Initiation of parallel proceedings on the same patent claim and accused products is inequitable.
  – Enables ThermoLife to obtain preliminary injunction without satisfying stringent requirements
  – Accused products sold on Amazon are a significant portion of HumanN's annual revenue
  – Amazon process deprives HumanN of the right to fully defend itself
- Amazon Process is duplicative and unnecessary:
  – ThermoLife affirmatively invoked the jurisdiction of this Court
  – Amazon process involves an identical patent infringement claim
- Regardless of Amazon outcome, Waco case continues



# Factor 4:  Other equitable considerations weigh in favor of enjoining ThermoLife

"***HumanN will lose one of its primary retail channels, and its customers will be deprived of one of their most accessible purchasing channels for the products . . .*** " – Flint Declaration, ¶¶ 13-15 (emphasis added).

Damage to brand and goodwill:

– Customer confusion/frustration when product disappears from Amazon

– Diminished access

– Decreased purchasing convenience

– Decreased product visibility

20



# A preliminary injunction may be decided on affidavits or declarations

- *Valentine v. Collier*, 956 F.3d 797, 801 n.1 (5th Cir. 2020) ("It long has been true that parties can present evidence at the preliminary-injunction stage with declarations or affidavits.") (citing *Sierra Club, Lone Star Chapter v. FDIC*, 992 F.2d 545, 551 (5th Cir. 1993)).

- *Healthpoint, Ltd. v. Stratus Pharm.*, 273 F. Supp. 2d 769, 777 (W.D. Tex. 2001) (Evidence at a hearing on a preliminary injunction need not be "testimonial" and affidavits can be considered by the Court.).





*Law around the world*

nortonrosefulbright.com

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein.  Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients.

References to 'Norton Rose Fulbright', 'the law firm' and 'legal practice' are to one or more of the Norton Rose Fulbright members or to one of their respective affiliates (together 'Norton Rose Fulbright entity/entities'). No individual who is a member, partner, shareholder, director, employee or consultant of, in or to any Norton Rose Fulbright entity (whether or not such individual is described as a 'partner') accepts or assumes responsibility, or has any liability, to any person in respect of this communication. Any reference to a partner or director is to a member, employee or consultant with equivalent standing and qualifications of the relevant Norton Rose Fulbright entity.

The purpose of this communication is to provide general information of a legal nature. It does not contain a full analysis of the law nor does it constitute an opinion of any Norton Rose Fulbright entity on the points of law discussed. You must take specific legal advice on any particular matter which concerns you. If you require any advice or further information, please speak to your usual contact at Norton Rose Fulbright.