IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THERMOLIFE INTERNATIONAL, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 6:21-CV-00144 |
| v. | § § § | |
| HUMAN POWER OF N COMPANY, d/b/a HUMANN, f/k/a NEOGENIS LABS, INC., | § § § | |
| Defendant. | § | |

**HUMAN POWER OF N COMPANY D/B/A HUMANN'S**
**EMERGENCY MOTION FOR LEAVE TO FILE ITS**
**FIRST AMENDED ANSWER AND COUNTERCLAIMS, AND BRIEF IN SUPPORT**

Defendant Human Power of N Company, d/b/a HumanN, f/k/a NeoGenis Labs, Inc. ("Defendant" or "HumanN") respectfully submits this Emergency Motion for Leave to File Defendant's First Amended Answer and Counterclaims pursuant to Federal Rule of Civil Procedure 15(a). *See* Ex. A (Defendant's First Amended Answer and Counterclaims). HumanN files this Motion to add counterclaims for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 10,842,813 (the "'813 Patent"). This motion is necessary because, in spite of prior court orders, Plaintiff ThermoLife International, LLC ("ThermoLife") has once again engaged the Amazon.com Inc. Utility Patent Neutral Evaluation Procedure against HumanN. In order to protect its rights, HumanN wishes to bring the '813 Patent into this lawsuit and force ThermoLife to litigate on an even playing field—a venue *ThermoLife chose*—rather than pursuing such extra-judicial strategies.

The motion is urgent because **Amazon has dictated that HumanN respond by November 29, 2021,** giving HumanN ***less than a week (a holiday week, no less)*** to defend its right to trial.

The Court has already ruled ***on two occasions*** that ThermoLife may not engage the Amazon Patent Evaluation Process against HumanN. The first such ruling was on April 21, 2021, wherein the Court instructed that "ThermoLife shall refrain from taking any action to further pursue evaluation through Amazon's Patent Evaluation Process any of its patent infringement claims already pending in this case (i.e., any claims involving any of the asserted patents and accused products in this case) until further order of the Court." ECF No. 33, at 2. The Court subsequently denied HumanN's motion for preliminary injunction, but did so on the grounds that "Amazon.com was suspending the Neutral Patent Evaluation Process at issue" so "HumanN is not likely to suffer any irreparable harm in the imminent future." ECF No. 41, at 1.

Then, on July 6, 2021, HumanN received another notice that ThermoLife was again pursuing Amazon's Neutral Evaluation Procedure and HumanN again sought judicial intervention. *See* Tr. of Hr'g (July 21, 2021), ECF No. 47, at 4:15–22. The Court extended its previously-issued temporary restraining order, again barring ThermoLife from pursuing the process with Amazon. Before the Court issued any written order, however, Amazon declined ThermoLife's request, thereby mooting the need for an injunction.

In spite of the Court's prior decisions, HumanN received notice on November 2, 2021 that ThermoLife had *yet again* reengaged the Amazon Patent Evaluation Process, this time with respect to the '813 Patent. While not a patent previously involved in this litigation, the '813 Patent is

related to the asserted '968[1] and '140[2] Patents, and ThermoLife accuses products *already accused of infringing in this litigation*.[3] [4]

The Court should grant this Motion because "leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Only under extreme circumstances should leave to amend be denied. These circumstances include (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments, (4) undue prejudice to the opposing party, and (5) futility of amendment. *See id.* None of these circumstances are present here.

First, there is no undue delay in asserting these counterclaims. The deadline to amend pleadings in this case is March 3, 2022. *See* Sched. Order, ECF No. 51, at 3. Further, HumanN filed this motion within two days of receiving notice from Amazon that it expected a response to ThermoLife's request.

---

[1] U.S. Patent No. 10,555,968.

[2] U.S. Patent No. 9,180,140.

[3] Paragraph 17 of ThermoLife's Complaint accuses, under the header "The Accused Products," "those [products] sold under the 'SuperBeets'; 'BeetElite'; and 'Neo40' tradenames." *See* Compl., ECF No. 1, at ¶ 17. That same paragraph then cites to Exhibit 4 to the Complaint, which includes a screenshot of HumanN's website, in which SuperBeets Chews are photographed. *See* Ex. 4 to ECF No. 1, at 6. Based on these portions of ThermoLife's Complaint, HumanN understands the Complaint to be accusing *all* products sold under the SuperBeets, BeetElite, and Neo40 tradenames, including, without limitation, SuperBeets Chews n/k/a SuperBeets Heart Chews.

[4] Apart from the fact that ThermoLife has again returned to Amazon's Patent Evaluation Process in spite of prior Court rulings against such action, HumanN is *not even receiving fair notice under that process*. Amazon originally notified HumanN of ThermoLife's request on November 2. Upon receiving information from HumanN regarding this lawsuit, Amazon agreed to close the inquiry. Then, Amazon notified HumanN on November 22 that it was reopening the Process. This time, however, Amazon gave HumanN ***seven days to respond during the week of Thanksgiving*** to its request.  *See* Ex. B, Amazon Email.

Second, there is no bad faith or dilatory motive. ThermoLife filed suit in this Court, asserting its desire to have all disputes between the parties heard in this Court. HumanN is willing to have ThermoLife's patent infringement claims heard in this Court if leave to amend is granted.

Third, HumanN has not previously amended its original answer. Accordingly, it has not repeatedly failed to cure deficiencies by amendment.

Fourth, just as there is no bad faith on HumanN's part, there is no undue prejudice to ThermoLife. ThermoLife has believed (incorrectly) that HumanN's products infringe the '813 Patent since at least July 7, 2021, but rather than seek leave to amend its complaint and bring it into this lawsuit, HumanN sought an end-around approach via Amazon. *See* Plaintiff's Second Notice of Readiness, ECF No. 44, at 1.

Fifth, amendment is not futile. These claims are ripe for adjudication and are not barred by any legal doctrine.

There are no circumstances that warrant denial of this Motion. HumanN requests that the Court grant this Motion because doing so is consistent with the Supreme Court's mandate that "leave to amend shall be freely given when justice so requires." *Foman*, 371 U.S. at 182.

Dated: November 28, 2021                    Respectfully submitted,


                                            /s/ Brett C. Govett
                                            **Brett C. Govett**
                                            Texas Bar No. 08235900
                                            **Jacqueline G. Baker**
                                            Texas Bar No. 24109609
                                            **NORTON ROSE FULBRIGHT US LLP**
                                            2200 Ross Avenue, Suite 3600
                                            Dallas, Texas 75201
                                            Telephone: (214) 855-8000
                                            Facsimile: (214) 855-8200
                                            brett.govett@nortonrosefulbright.com
                                            jackie.baker@nortonrosefulbright.com

                                            **Stephanie DeBrow**
                                            Texas Bar No. 24074119
                                            **NORTON ROSE FULBRIGHT US LLP**
                                            98 San Jacinto Boulevard, Suite 1100
                                            Austin, Texas 78701-4255
                                            Telephone: (512) 536-3094
                                            Facsimile: (512) 536-4598
                                            stephanie.debrow@nortonrosefulbright.com

                                            **Saul Perloff**
                                            Texas Bar No. 00795128
                                            **Bob Rouder**
                                            Texas Bar No. 24037400
                                            **SHEARMAN AND STERLING LLP**
                                            300 West 6th Street, 22nd Floor
                                            Austin, Texas 78701
                                            Telephone: (512) 647-1970
                                            saul.perloff@shearman.com
                                            bob.rouder@shearman.com

                                            **ATTORNEYS FOR DEFENDANT**
                                            **HUMAN POWER OF N COMPANY**


## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on November 28, 2021, I attempted to confer with counsel for ThermoLife via phone and email. Specifically, I attempted to reach Robert Gajarsa at his office phone number in Los Angeles and sent emails to Amy Hayden, Robert Gajarsa, and the rest of the

ThermoLife counsel. Ms. Hayden indicated via email she would not be able to confer until Monday, November 29. I informed Ms. Hayden that because of the deadlines dictated by Amazon's Patent Evaluation Process, a conference was needed sooner. I then again attempted to contact Mr. Gajarsa and Ms. Hayden by phone and email. To preserve HumanN's rights, it was necessary to file this motion as soon as possible. HumanN will inform the Court if future discussions obviate the need for this motion.

*/s/ Brett C. Govett*
Brett C. Govett

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing pleading was served this 28th day of November, 2021, via the Court's ECF system upon all counsel of record that are registered ECF users.

*/s/ Brett C. Govett*
Brett C. Govett