**EXHIBIT 1**

NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

————————————

**THERMOLIFE INTERNATIONAL LLC,**
*Plaintiff-Appellant*

**v.**

**HUMAN POWER OF N COMPANY, dba Humann,
fka Neogenis Labs, Inc.,**
*Defendant-Appellee*

————————————

2022-1316

————————————

Appeal from the United States District Court for the Western District of Texas in No. 6:21-cv-00144-ADA, Judge Alan D. Albright.

————————————

## ON MOTION

————————————

PER CURIAM.

## O R D E R

ThermoLife International LLC moves pursuant to Rule 8 of the Federal Rules of Appellate Procedure to stay, pending appeal, the district court's December 21, 2021 order. Human Power of N Company opposes.

Case: 22-1164-ADP    Document: 10    Page: 3    Filed: 01/31/2022    Page 3 of 4

2          THERMOLIFE INTERNATIONAL LLC v. HUMAN POWER OF N
                                                           COMPANY

Temporary restraining orders ("TRO") generally are not appealable. *Huang v. Charter Techs., Inc.*, 82 F.3d 432, 432 (Fed. Cir. 1996) (table). However, the order on appeal stated that the restrictions would be imposed "until further order of" the court and those restrictions have been in effect for more than the time permitted for TROs under Rule 62(b)(2) of the Federal Rules of Civil Procedure. Under these conditions, the TRO is treated as a preliminary injunction and appealable under 28 U.S.C. § 1292(a)(1). *See Sampson v. Murray*, 415 U.S. 61, 86 (1974) (agreeing that "a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction").

Ordinarily, a movant must first seek a stay of the order in the district court before asking a court of appeals for a stay. Fed. R. App. P. 8(a)(1)(A). This requirement may be dispensed with if the movant "show[s] that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i). The court is not persuaded that it would have been impracticable for ThermoLife to first seek a stay of the order in the district court. And hearing from the district court on this matter is particularly important given the somewhat cursory description of the grounds for injunctive relief. ThermoLife is therefore directed to promptly file a motion for a stay at the district court. The instant motion will be held in abeyance pending the district court's resolution of that request. This court expects that the district court will act expeditiously.

Accordingly,

IT IS ORDERED THAT:

The motion is held in abeyance. ThermoLife should promptly inform this court after the district court issues a

THERMOLIFE INTERNATIONAL LLC v. HUMAN POWER OF N COMPANY                    3

decision on ThermoLife's motion for a stay.

FOR THE COURT

January 31, 2022        /s/ Peter R. Marksteiner
Date                    Peter R. Marksteiner
                        Clerk of Court