IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **THERMOLIFE INTERNATIONAL, LLC,** | § § § | |
| *Plaintiff,* | § § | CIVIL NO. 6:21-CV-00144-ADA |
| v. | § § § | |
| **HUMAN POWER OF N COMPANY, d/b/a HUMANN, f/k/a/ NEOGENIS LABS, INC.,** | § § § | |
| *Defendant.* | | |

### ORDER GRANTING MOTION TO STAY, DENYING DISSOLUTION, AND ISSUING RULE 62.1 INDICATIVE RULING

I. ORDER **GRANTING** STAY

The Court has reviewed Plaintiff's Motion to Stay (Dkt. No. 100) the Court's Temporary Restraining Order (Dkt. No. 88) pending appeal to the Federal Circuit. Defendant does not oppose the requested stay. Dkt. No. 102 at 5 ("HumanN does not oppose the requested stay"). Therefore, the Court **GRANTS** the unopposed Motion to Stay (Dkt. No. 100) the Court's Temporary Restraining Order (Dkt. No. 88) pending the completion of Plaintiff's appeal to the Federal Circuit. The Parties are further **ORDERED** to file a joint status report within one week of resolution of the appeal appraising this Court if any scheduling changes are needed.

II. ORDER **DENYING** DISSOLUTION

Defendant filed a Cross-Motion (Dkt. No. 102) to dissolve the Temporary Restraining Order (Dkt. No. 88). Both parties agree this Court lacks jurisdiction do so while the appeal remains pending before the Federal Circuit. Dkt. No. 102 at 2-4; Dkt. No. 105 at 2. Thus, the Court **DENIES** Defendant's Cross-Motion (Dkt. No. 102) to dissolve the Temporary Restraining Order

(Dkt. No. 88) for lack of jurisdiction with leave to re-file after on remand or at the conclusion of the pending appeal.

### III. INDICATIVE RULING

Defendant next moves the Court to indicate, under FED. R. CIV. P. 62.1 that it would dissolve the Temporary Restraining Order (Dkt. No. 88) if this Court had jurisdiction. Dkt. No. 102 at 4-5. The Court considers Defendant's Cross-Motion (Dkt. No. 102), Plaintiff's Opposition to the Cross-Motion (Dkt. No. 105), Defendant's Reply (Dkt. No. 106), and Plaintiff's Sur-Reply (Dkt. No. 107-1).

This case presents an unusual fact pattern. Defendant seeks to dissolve the Temporary Restraining Order (Dkt. No. 88) that restrains activities of the Plaintiff, and Plaintiff opposes dissolving the Temporary Restraining Order that restrains its own activities. Both Parties accuse the other of procedural gamesmanship. Defendant accuses Plaintiff of wastefully seeking to divest jurisdiction from this Court to secure a ruling from the Federal Circuit. Dkt. No. 102 at 3. Plaintiff accuses Defendant of seeking to avoid a broader ruling from the Federal Circuit so that Plaintiff can continue to obtain serial temporary injunctions. Dkt. No. 102-2 at 1.

Nonetheless, this Court finds it helpful to issue an indicative ruling under FED. R. CIV. P. 62.1(3). "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* Defendant made a timely motion for relief that this Court lacked authority to grant because of a pending appeal. Therefore, this Court finds it proper to issue an indicative ruling.

Defendant took the position that, due to intervening events, the Court's Temporary Restraining Order (Dkt. No. 88) "is dissolved as a procedural matter" and that "it would not seek

to convert the December TRO into a Permanent injunction." Dkt. No. 102-3 at 7. Because Defendant seeks to dissolve a restraint *against the Plaintiff* and because Defendant promised not to convert the Temporary Restraining Order into a permanent injunction, the Court **WOULD HAVE GRANTED** Defendant's Cross-Motion (Dkt. No. 102) to dissolve the Temporary Restraining Order (Dkt. No. 88).

SIGNED this 17th day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE